IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-01492-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Duane Hamblin Slade, et al., | |
| Defendants. | |

Pending before the Court is Magistrate Judge Burns' Report and Recommendation ("R&R") on Motions to Sever filed by Defendants Guy Williams, Brent Williams, Douglas Towler, and Russell Sewell. (Doc. 543). Only Defendant Sewell filed objections. (Doc. 553). For the following reasons, the R&R will be adopted in full.

**BACKGROUND**

On December 2, 2009, Defendants Duane Slade, Guy Williams, Brent Williams, Douglas Towler, and Russell Sewell ("Defendants"), were indicted on charges of conspiracy, mail fraud, wire fraud, and transactional money laundering. According to the indictment, Defendants operated various *Ponzi* schemes. Defendants allegedly promised individuals they would achieve "extraordinary above-market rates of return" by investing in Defendants' companies. Defendants claimed the companies derived their revenue from high risk loans. The indictment alleges, however, that the companies operated in large part by simply repaying earlier investors with funds obtained from later investors. (Doc. 1 at 16).

Defendant Sewell was involved in these schemes by receiving substantial "commissions" due to obtaining individuals to invest in the schemes. Defendant Sewell also attended a meeting on March 29, 2004 where Defendants "discussed issues regarding the problems with cash flow, specifically upcoming payroll, . . . defaulted loans, and replenishment of the reserve fund." (Doc. 1 at 20).

The indictment contains forty counts: one count of conspiracy, four counts of mail fraud, thirteen counts of wire fraud, and 22 counts of transactional money laundering. Defendants Slade, Guy Williams, and Brent Williams are charged with all the counts. Defendant Towler is charged with close to half of the counts. And Defendant Sewell is charged with only the conspiracy count. Defendants Guy Williams, Brent Williams, Towler, and Sewell each filed a motion to sever. Defendant Sewell's motion argues his involvement in the allegedly fraudulent schemes was minimal. (Doc. 413 at 6). In particular, Defendant Sewell claims he is named in only the conspiracy count and is named in only six of the seventy-four overt acts regarding that conspiracy.[1] (Doc. 553 at 2-3). Defendant Sewell also claims he received $240,000 as a result of his involvement, far less than the amounts received by the other defendants. (Doc. 413 at 4-5, other defendants received between $600,000 and $5 million).

The Government argues all the motions to sever should be denied. Addressing Defendant Sewell's motion specifically, the Government claims Defendant Sewell has presenting an inaccurate view of his involvement in the fraudulent schemes. According to the Government, Defendant Sewell's compensation was less only because he had been involved for a shorter period of time than the other defendants. The Government also claims Defendant Sewell was heavily involved in the various companies, he helped to create one of those companies, he managed sales representatives, and he reviewed agreements with prospective investors. Given these allegations, the Government believes severance is not

---

[1] The indictment refers to "defendants" generically in a number of other overt acts. Thus, Defendant Sewell's claim that he is only named in six overt acts might be inaccurate.

- 2 -

appropriate.

The Magistrate Judge agreed with the Government and recommended the Court deny all the motions to sever. Defendant Sewell filed objections, arguing again that the terms of the indictment prove he had only a minor role in the allegedly fraudulent schemes.

**ANALYSIS**

**A.  Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). Defendants Guy Williams, Brent Williams and Douglas Towler did not file objections to the R&R. Therefore, the Court will adopt, without further inquiry, the Magistrate Judge's recommendation to deny the motions to sever filed by these defendants. But Defendant Sewell filed objections, meaning the Court must decide his motion de novo.

**B. Severance Of Defendant Sewell Is Not Appropriate.**

As correctly explained by Magistrate Judge Burns, Federal Rule of Criminal Procedure 14 allows for severance of a joint trial "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A jury might not make a reliable judgment "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability." *Id.* But even in situations involving different degrees of culpability, a court might choose not to sever the trials provided the jury can be expected to "compartmentalize" the evidence. *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011). Finally, a joint trial is "particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in

separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004).

Based on the facts alleged in the indictment, the motion to sever, and the objections to the R&R, Defendant Sewell is not entitled to a severance. While this case does involve financial crimes, the overall fraudulent scheme was not inordinately complicated. Thus, the evidence and legal concepts involved "are within the competence of the ordinary juror" and the jury can "reasonably be expected to collate and appraise the individual evidence against each defendant." *Fernandez*, 388 F.3d at 1241. The Court will also instruct the jury regarding its obligations to evaluate the evidence regarding each Defendant separately. *Id.* (citing jury instructions as possible cure to potentially prejudicial joint trials). And finally, Defendant Sewell has not established he has a "markedly different degree of culpability" in relation to the other Defendants. *Zafiro*, 506 U.S. at 539. As Magistrate Judge Burns pointed out, it is the "rare case in which each defendant charged in a conspiracy is equally involved in all aspects of the conspiracy." (Doc. 543 at 6). This observation is especially apt in a case, such as this one, where various individuals performs different roles in allegedly perpetrating financial crimes. Sewell allegedly participated in a conspiracy to commit financial crimes. The fact that his involvement was different, and perhaps more limited, is not sufficient to merit severance.

Accordingly,

**IT IS ORDERED** Magistrate Judge Burns' Report and Recommendation (**Doc. 543**) is **ADOPTED IN FULL** and Defendants' Motions to Sever (**Docs. 411, 413, 414, 417**) are **DENIED**.

DATED this 2nd day of February, 2012.

_____
Roslyn O. Silver
Chief United States District Judge